<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4374**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFF COCKERHAM,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Danville.   Jackson L. Kiser, Senior District Judge.   (CR-03-74)

———————

Submitted: December 22, 2005          Decided:  December 28, 2005

———————

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Mark T. Williams, WILLIAMS, MORRISON, LIGHT & MOREAU, Danville, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeff Cockerham appeals the district court's judgment entered pursuant to his guilty plea to conspiracy to possess with intent to distribute and to distribute five or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and possession of a firearm in furtherance of a drug trafficking offense. Cockerham's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the evidence was insufficient to support the firearm conviction. In supplemental briefs, Cockerham contends that his 130-month sentence is plainly erroneous under United States v. Booker, 543 U.S. 220 (2005), and that counsel provided ineffective assistance. Because Cockerham's plea agreement contained a waiver of his right to appeal these issues, we dismiss the appeal.

A defendant may waive his right to appeal his sentence as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). The waiver must be knowing and voluntary. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000); United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991). This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). In his plea agreement, Cockerham waived his right to appeal "as to any and all issues in this case." A close review of the Fed. R. Crim. P. 11 colloquy reveals that the district court expressly questioned Cockerham

- 2 -

about the waiver of his appellate rights. Cockerham assured the court that he understood the terms of his plea agreement and he entered into it freely. Accordingly, we conclude that Cockerham's waiver was knowing and voluntary. See Brown, 232 F.3d at 403.

Cockerham's challenge to the sufficiency of the evidence is barred by his plea and by his appeal waiver. See id. at 402-03; United States v. Willis, 992 F.2d 489 (4th Cir. 1993). Additionally, his challenge to his sentence under Booker is also barred by the appeal waiver. See United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Blick, 408 F.3d 162, 171-73 (4th Cir. 2005).

Finally, Cockerham asserts that his attorney provided ineffective assistance. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record reveals that Cockerham has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal. We deny Cockerham's motion to relieve counsel and to appoint new counsel. This court requires that counsel inform his client, in writing, of his right

to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED